[Civil No. 2099. Filed April 17, 1924.]

[224 Pac. 814.]

L. D. VAN DYKE, Mayor of the Town of Miami, GEORGE R. REYNOLDS, Clerk of the Town of Miami, GEORGE F. SENNER, Town Attorney of the Town of Miami, and the SOUTHERN ARIZONA PUBLISHING COMPANY, a Corporation, and ROY KELLEY, KING C. LIGHT, JAMES ELZIE OWEN, M. S. QUINLIVEN, AL SCHATZKEY, ARTHUR TURNER and L. D. (PAT) VAN DYKE and THE TOWN OF MIAMI, a Municipal Corporation, Appellants, v. GEO. M. ELLEDGE, Individually and on Behalf of the Citizens, Taxpayers, Voters and Residents of the Town of Miami, County of Gila, State of Arizona, Appellee.

INJUNCTION—COURTS WITHOUT JURISDICTION TO PREVENT THE PRINTING ON BALLOT OF NAMES OF THOSE WHOSE NOMINATION PETITIONS HAD BEEN FILED.—Where the effect of a resolution of a common council was to require all those deciding to become candidates at the forthcoming primary election to file their nomination petitions within a few hours, and during that time the nomination petitions of seven persons were filed, one for each office to be filled, the court was without jurisdiction to prevent the printing upon the ballot of the names of those whose petitions had been filed.

APPEAL from a judgment of the Superior Court of the County of Gila. J. E. Crosby, Judge. Judgment reversed.

Messrs. Jacobs and Partridge and Mr. Charles L. Rawlins, for Appellants.

No appearance for Appellee.

See 14 R. C. L. 375.
See 32 C. J. 254.

LYMAN, J.—The common council of the town of Miami by resolution passed on March 5, 1921, fixed the date of primary election for April 6th following. The effect of this resolution was to require all those desiring to become candidates at such primary election to file their nominating petitions during the next few hours following the passage of this resolution, in order to insure the placing of their names upon the primary ballot. During these few hours the nominating petitions of seven persons were filed, one for each office to be filled at the succeeding municipal election, so that none of these candidates was opposed to each other for nomination.

Among the beneficiaries of these limited hours of grace were the mayor and some members of the council who called the meeting and passed the resolution in question. At least one of them was not a member of the council, and was without knowledge of the circumstances by which his name was placed upon the ballot. But the nomination papers were all circulated and signatures solicited and procured through the same agency and at the same time. The coincidence between the prompt preparation of these petitions and the calling of the primary election was undoubtedly not accidental.

The plaintiff in this action was a qualified elector and taxpayer of the town of Miami at the time this action was commenced, and applied for an injunction to prevent the printing upon the ballot of all those names whose nomination petitions had been filed. A temporary restraining order was made, and later a permanent injunction granted, and from that judgment is this appeal.

The administration of election laws in the manner disclosed by this record is not calculated to inspire respect for government founded upon such methods, nor to cultivate peace and harmony in the community;

but the remedy sought does not lie within the jurisdiction of the court.

For that reason the judgment will be reversed.

McALISTER, C. J., and ROSS, J., concur.